## Wnek et al. v. Boyle

*Geary & Rankin* and *Philip A. McMunigal, Jr.*, for plaintiffs.

*Charles A. Greene, Jr.*, for defendant.

ERVIN, P. J., April 27, 1950.—Plaintiffs instituted this suit against defendant to recover damages arising out of an automobile accident. Edward J. Wnek was the owner and operator of the car in which Matthew J. Wnek and Vivian Livingston were passengers. Defendant filed a petition for severance so that he could join Edward J. Wnek, owner and operator of plaintiff's car, as an additional defendant in the suits of Matthew J. Wnek and Vivian Livingston. Subsequently plaintiff Edward J. Wnek filed an answer to the petition for severance requesting the court to dismiss the rule on the ground that the petition did not set forth whether plaintiff Edward J. Wnek was to be joined on the ground that he is alone liable or liable over to defendant or jointly or severally liable thereon with defendant. The complaint shows that the accident occurred

on October 30, 1947, and the petition for severance was filed on December 16, 1949. The court, at the request of counsel for plaintiff Edward J. Wnek, signed an order dismissing defendant's rule to show cause why a severance should not be granted. At that time the court was informed that counsel for defendant had agreed with counsel for plaintiff Edward J. Wnek that counsel for defendant would file an amended petition for severance, alleging the ground on which defendant wanted to join plaintiff Edward J. Wnek as an additional defendant. Counsel for defendant denies making any such agreement. On February 10, 1950, defendant filed a petition for rule to show cause why the order signed by the court on December 30, 1949, dismissing defendant's petition for severance should not be set aside. On March 3, 1950, plaintiff Edward J. Wnek filed an answer to the last-mentioned petition averring that the two-year period of the statute of limitations had run and averring that the actions of the passengers would be barred against Edward J. Wnek as an additional defendant.

Counsel for Edward J. Wnek argues that inasmuch as the two-year period has run on the actions of Matthew J. Wnek and Vivian Livingston, those actions being for personal injuries only, Edward J. Wnek could not now be made a party defendant as to the two passengers. This is undoubtedly true but defendant Boyle is not obliged to describe the liability of Edward J. Wnek in the petition for severance. Plaintiff's answer requesting the court to dismiss the rule for severance is premature. Pa. R. C. P. 2252(*a*) and (*b*) provides:

"(a) In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him. (b) The defend-

ant or additional defendant shall file with the præcipe a complaint, in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded."

When defendant files his præcipe for the joinder of Edward J. Wnek as an additional defendant he will be obliged to file therewith a complaint, in the manner and form required of the initial pleading of plaintiff in the action, setting forth the facts relied upon to establish the liability of Edward J. Wnek and the relief demanded. At that time plaintiff, Edward J. Wnek, may take the proper steps to protect his rights.